Tilqhman O. J.
This cause comes before us on a bill of exceptions to the opinion of the Court of Common Pleas. *455 Briggs the plaintiff below, brought an action of trover *against Dolan the defendant, for certain sails which once belonged to the schooner Indiana, who together with her tackle, &c., was sold by order of the District Court of the United States, on a libel for seamen’s wages. The defendant claimed under the marshal’s sale, and the plaintiff offered to prove that the sails in question were expressly excepted, when the schooner was sold, to which the defendant objected, on the ground that the marshal’s return “that he had sold the said schooner, together with her tackle, apparel, &c., to the said John Dolan,” could not be contradicted. The court admitted the evidence. Whether it was competent is the question. I do not think the deputy marshal could be permitted to contradict the return made by his principal, especially as the sale was conducted by the deputy. But it does not appear that the evidence was in contradiction to the return. The decree was for the sale of the schooner, “ together with all and singular her tackle, apparel and furniture, or so much thereof as might be necessary” The return did not particularize the articles which were sold, and it might very well consist with it, that part was sold and part not sold. If the deputy marshal tells the truth, Mr. Dolan played a very knavish trick; for having first persuaded him not to sell these sails, because they did not belong to the schooner, having been previously purchased by him,- he attempted to defend himself at the trial, on the plea of their having been actually sold by the deputy to him, and to stop his mouth by virtue of the return made by his principal. I am of opinion that the evidence was properly admitted.
The plaintiff in error has brought another point before us, not included in the bill of exceptions; it is this, that the plaintiff below by his own showing brought this action before the cause of it accrued. The declaration lays the trover and conversion on the 1st of April 1808, and the action it is said was brought before that time. But how does that appear ? No otherwise than by the sheriff’s return to the original writ, in which he says that he arrested the defendant on the 17th of March 1808. I do not think this so conclusive as to oblige us to say, it appears on the face of the record that the writ issued before the time laid in the declaration. There were other and better ways of bringing the truth on the *record. The sheriff is not required by any law to particularize the day of the arrest. His aliegation is immaterial in that respect, and the plaintiff is not bound by it. If the defendant had prayed oyer of the pre *456 cipe and writ, and brought this point before the Court of Common Pleas, the truth might have been ascertained; but this collateral proof founded on an inference from the sheriff’s return, is not sufficient. I am of opinion that it does not appear by the record, at what time the writ issued, nor that it issued before the day on which'the plaintiff has laid the trover and conversion by the defendant. The judgment must therefore be affirmed.
Yeates J.
after stating the case, delivered his opinion as follows:
The qilain state of facts then is, that these sails were not in the possession or custody of the marshal or his deputy, either at the time of taking the inventory, or the sale; but were actually in Dolan’s possession, who claimed them under a supposed sale from the captain, and who would not even permit the officer to see them, though he requested it. The marshal was commanded to sell so much of the property as was necessary, and he had sold enough to satisfy all the purposes of the decree of the District Court. Is it not competent to the officer to show that everything was not sold, but that certain articles were distinctly excep>ted? The purposes of the writ were fully answered by what he had sold ; the wages of the seamen and costs of suit were discharged by the amount of the sales. It cannot be compared to the ease, wherein the verbal declarations of an auctioneer were held inadmissible to contradict a written advertisement. The very terms of sale here were, that the sails of the vessel were not to be sold with her hull, and no one could be deceived thereby. Can it be endured upon any principles of common honesty, that Dolan, who has prevented, the sails from being put up at auction, shall derive a right thereto under a sale, the express terms whereof were that the sails were not meant or intended to be sold?
But it has been further assigned for error, that it appears by the record, from the plaintiff’s own showing in the court below, that he had no cause of action when he commenced *his suit. The suit was brought to June term 1808, and the declaration states the conversion, which is the gist of the action, as made on the 1st of April 1808. It is insisted that the capias was issued, and the arrest made, on the 17th March preceding. The latter fact is said to be proved by the endorsement of the return on the original writ, wrote in six distinct lines. “March 17, 1808.—C. C. B. B. —William Pidgeon, deputy sheriff—William T. Donaldson, sheriff.” I am not disposed to exercise ingenuity, if any I *457 have, to defeat a verdict obtained upon a fair trial of the merits; for it is evident on the whole proceedings, that the plaintiff below in fact had a cause of action previous to the issuing of the process. In such a case, I will go no further than I am compelled by imperious rules of law, which I am bound to pursue. When we are called on to deal out strict law to the plaintiff below, the same measure of justice must be administered to his adversary. This is admitted to be a single insulated case, wherein the time of arrest is supposed to have been indorsed on the original process, and the novelty of the proof is suspicious and objectionable. I cannot regard it as legal evidence of the fact in a court of error; nor can I say with certainty, that the day endorsed on the capias refers to the time when it was served. Considering it in this point of view, the legal exception is not supported, and the necessary consequence is, that the judgment of the Court of Common Pleas must be affirmed.
Brackenridge J. concurred.
Judgment affirmed.
[Cited in 4 Wh. 504 ; 6 W. 548 ; 8 S. 207.]